IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:98-MJ-259-RJ

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| MARIAN O'GRADY ALLEN, | ) | |
| | ) | |
| Petitioner. | ) | |

This matter comes before the court on the motion of Petitioner Marian O'Grady Allen ("Petitioner") to expunge her criminal record – an arrest for, and charge of, marijuana possession in violation of 21 U.S.C. § 844. [DE-1]. The United States of America ("Respondent") opposes the motion. The court entered an order inviting the parties to submit additional briefing in support of their respective motions, but neither party submitted supplemental briefs. [DE-9]. Subsequently, the court held an evidentiary hearing during which Respondent appeared and Petitioner appeared and testified. [DE-11]. Thus, the matter is ripe for ruling. For the reasons set forth below, Petitioner's motion is denied.

The motion requires consideration of two issues: (1) whether federal ancillary jurisdiction extends to a claim for expungement upon equitable grounds where defendant consented to the jurisdiction of the Magistrate Judge, was ultimately discharged from probation and the proceedings of which were dismissed without the entry of a judgment of conviction in accordance with 18 U.S.C. § 3607, and (2) whether the court, having ancillary jurisdiction, should exercise it under the circumstances of this case. While the court concludes it has ancillary jurisdiction over this proceeding, upon balance of the equities in this case, the court denies Petitioner's motion.

## I. BACKGROUND

On September 9, 1998 [DE-1], Petitioner was charged by way of a Criminal Information for unlawfully, knowingly and intentionally possessing an amount of marijuana, in violation of 21 U.S.C. § 844(a) ("Count One") on or about August 22, 1998. *Id.* According to court documents, Petitioner's date of birth is March 15, 1966, making her 32 years of age at the time of the offense. *Id.* Petitioner consented to proceed before a United States Magistrate Judge for her trial, judgement and sentencing [DE-2], and on September 9, 1998, Petitioner entered a plea of guilty to the charge and was subsequently found guilty. [DE-3]. Because Petitioner had not, prior to the commission of the offense, been convicted of violating a federal or state law relating to controlled substances, and had not previously been the subject of a disposition under 21 U.S.C. § 844, the court ordered that Petitioner be placed on probation as provided in 18 U.S.C. § 3607 for a period of 12 months, without a judgment of conviction first being entered; ordered that Petitioner participate in a drug education and/or treatment program and undergo drug testing if ordered to do so by a supervising probation officer; and ordered that Petitioner pay a fine of $1000.00. *See* Order of Probation [DE-3]. On September 13, 1999, the court found that Petitioner had complied with the terms of the Order of Probation [DE-3] and that no violation had occurred. Order of Dismissal [DE-4]. Accordingly, pursuant to 18 U.S.C. § 3607(a), the court discharged Petitioner from probation and dismissed those proceedings under which probation had been ordered. *Id.* No judgment of conviction was entered against Petitioner.

On July 18, 2013, Petitioner, by and through her counsel, filed a Motion for Expungement

("Motion") pursuant to the Fifth Amendment to the United States Constitution, 18 U.S.C. § 3607,[1]
and 18 U.S.C. § 3231,[2] seeking an order removing from all official records all references to her arrest

---

[1]
§ 3607. Special probation and expungement procedures for drug possessors.
(a) Pre-judgment probation.--If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)--

> (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
> (2) has not previously been the subject of a disposition under this subsection;

the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

(b) Record of disposition.--A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

(c) Expungement of record of disposition.--If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person. The expungement order shall direct that there be expunged from all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

18 U.S.C.A. § 3607 (West).

[2] § 3231. District courts. The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C.A. § 3231 (West).

and the institution of criminal proceedings against her for marijuana possession, and the results thereof. Pl.'s Mot. [DE-6] at 1.

According to Petitioner's Motion, as a result of an economic downturn, Petitioner returned to school at a local community college to study occupational therapy in order to find employment and support her family. Decl. [DE-6-2] ¶¶ 10, 12, 13. According to Petitioner, one of her instructors informed her that in order to secure employment she would have to provide a criminal background check to any potential employer. *Id.* ¶ 15. Petitioner states further that her instructors told her that she would not be able to gain employment in her chosen field if she were unable to have the marijuana arrest and charge removed from her criminal record. *Id.* ¶ 17.

Thereafter, Petitioner paid for a criminal background check, the results of which she has attached to her Motion in a document entitled Federal Criminal Nationwide Results from CertifiedBackground.com. [DE-6-1]; [DE-6-2] ¶ 16. The criminal background check correctly identifies Petitioner by name and provides the correct case number. [DE-6-1]. The document correctly indicates the charge against Petitioner to be a misdemeanor marijuana possession charge and that the case has been disposed. The report appears to indicate no plea was entered, that there was a verdict of guilty and that Petitioner received a sentence of special probation under "Rule 3607" with special conditions and a $1000 fine. *Id.* The report indicates however that Petitioner was convicted of misdemeanor marijuana possession. *Id.* The focus of Petitioner's motion is the irregularities in the report created by the third-party background reporting service; nothing in the court's records indicates any error.

On July 23, 2013, the Respondent submitted the Government's Response to Motion for Expungement ("Response") [DE-8], stating that "[w]hile the facts as advanced by [Petitioner]

4

present a sympathetic plea for expungement, the case law seems quite opposed to the requested relief and places a burden of proof on [Petitioner] she cannot meet." Resp. [DE-8] at 1.

On September 25, 2014, the court held an evidentiary hearing on the Motion, at which Petitioner appeared and testified. At the hearing, Petitioner and her counsel shifted the focus of the claim for expungement from the inaccuracies in the criminal background report by CertifiedBackground.com to asking the court to expunge its (accurate) records on the equitable ground that the record has prevented Petitioner from obtaining a better job in her chosen field of occupational therapy. *Id.* Petitioner testified that she has a Bachelor of Arts degree from the University of North Carolina at Chapel Hill and that she completed an Occupational Therapy Assistant program at Cape Fear Community College in 2013. *Id.* Petitioner further testified that she currently resides in Hampstead, North Carolina, where she is employed as a *pro re nata* or "on call" Occupational Therapy Assistant. *Id.* Petitioner stated that her family needs her to earn more money because her husband's construction company has been struggling financially for several years. *Id.* Petitioner testified that her criminal record has prevented her from finding full time work as an Occupational Therapy Assistant. *Id.* Counsel for Petitioner reported at the hearing that he wrote a letter to CertifiedBackground.com informing them that they had incorrectly reported Petitioner's record as a conviction instead of a dismissal. *Id.* Petitioner then testified that she has not followed up with CertifiedBackground.com to learn whether counsel's request for correction had resulted in the report being corrected. *Id.* Petitioner further stated that she has not attempted to contact another background company to run an alternate criminal background check. *Id.* When asked if she had been denied employment due to her criminal record, Petitioner said that she had applied for jobs but has not heard back from potential employers about being hired. *Id.*

5

## II. ANALYSIS

### A. The Authority of the Magistrate Judge to Rule on Expungement.

A magistrate judge's jurisdiction in criminal matters is set forth in two statutes, 28 U.S.C. § 636 and 18 U.S.C. § 3401. These statutes confer the jurisdiction to conduct trials and enter sentences for misdemeanors, so long as the defendant has consented. 28 U.S.C. § 636(a)(3)-(4); 18 U.S.C. § 3401(b). Additionally, 18 U.S.C. § 636(b) provides the statutory bases for district court judges to assign certain matters to magistrate judges, absent the consent of the parties, and includes a general provision that "[a] magistrate [judge] may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In *United States v. Steelwright*, 179 F. Supp. 2d 567 (D. Md. 2002), the court harmonized what appeared to be contradictory conclusions by the few courts addressing the matter of a magistrate judge's authority to expunge pursuant to §§ 636(a)(3)-(4) and (b)(3). 179 F. Supp. 2d at 569; *Compare United States v. Lopez*, 704 F. Supp. 1055 (S.D. Fla. 1988) (magistrate judge lacks authority to expunge), *with United States v. Vasquez*, 74 F. Supp. 2d 964 (S.D. Cal. 1999) (a magistrate judge has authority to expunge). The court explained:

> Unlike the *Lopez* case, where the charges against the defendant had been dropped prior to trial thus mooting the issue of whether the defendant consented to the trial and sentencing before the magistrate judge for the misdemeanor charge, the *Vasquez* case and this case before me required the defendant's consent to the exercise of a magistrate judge's authority. This fact is crucial.
>
> Both 28 U.S.C. §§ 636 and 3401 grant criminal jurisdiction to magistrate judges in Class A misdemeanor criminal cases where a defendant expressly consents before the magistrate judge to be tried by a magistrate judge and waives trial, judgment, and sentencing by a district judge. It is consistent with these statutes to confer jurisdiction to a magistrate judge to consider a request for expungement in a case where a magistrate judge initially presided over the defendant's case.
>
> . . . .

> The authority to order expungement, like the ability to modify conditions of or revoke supervised release, is a natural extension of the magistrate judge's authority to sentence in the first place where the defendant has consented to such. This, in my mind, is the reason why the decisions in *Lopez* and *Vasquez* may be harmonized. In *Lopez,* the defendant did not consent to trial and sentencing because trial and sentencing did not occur; in *Vasquez,* the defendant consented to be tried and sentenced by a magistrate judge and was—thus, it is a logical and not unlawful inference to conclude that he consented to the magistrate judge's decision of whether to ultimately expunge the sentence imposed . . . .

*Steelwright*, 179 F. Supp. 2d at 571-72.

Like the defendants in *Vasquez* and *Steelwright*, in the present case, Petitioner expressly consented to have her misdemeanor criminal case tried before a magistrate judge and waived trial, judgment, and sentencing by a district judge. [DE-2]. After accepting Petitioner's guilty plea, a magistrate judge sentenced Petitioner to 12 months probation and imposed a fine of $1000.00. The authority to order expungement, like the ability to modify conditions of or revoke supervised release, is a natural extension of a magistrate judge's authority to sentence in the first place where the defendant has consented to such. *Steelwright*, 179 F. Supp. 2d at 572. Because there is no dispute that Petitioner consented to magistrate judge jurisdiction, based on the relevant statutes and case law, the court concludes that the undersigned has the authority to entertain the merits of Petitioner's Motion for Expungement.[3]

---

[3] Because the important consideration here is the *court's* ability to effectuate *its* decrees, and not the particular magistrate judge's ability to effectuate his or her decrees, the court finds the factual difference between *Steelwright* and *Vasquez* and the instant case to be insignificant. *United States v. McKnight,* — F. Supp.2d —, No. 07-MJ-1218-SKG, 2014 WL 3513389, at *4 (D. Md. July 11, 2014). More specifically, even though the same magistrate judge before whom Petitioner consented to trial and sentencing is not the same magistrate judge exercising jurisdiction over Petitioner's Motion for expungement, unlike in *Steelwright* and *Vasquez* where the same magistrate judges handled both matters, the court finds the difference to be an insufficient basis to distinguish the cases, because, while the magistrate judge may have changed, Petitioner consented to trial and jurisdiction in the same court (before *a* magistrate judge) that is now exercising ancillary jurisdiction to rule on the merits of Petitioner's expungement Motion. To rule otherwise would create a dubious standard for ancillary jurisdiction in these circumstances, since jurisdiction would then depend upon the presence of a particular magistrate judge at a given time. A defendant's consent to magistrate judge jurisdiction does not give that defendant a right to have a particular magistrate judge hear his or her case.

## B.     Ancillary Jurisdiction

Federal courts are courts of limited jurisdiction, and can only exercise the power conferred by the Constitution or by statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). Federal jurisdiction "is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). There is no applicable statute providing for expungement in a case such as the one before the court.[4] Therefore, the only available jurisdictional basis is the doctrine of ancillary jurisdiction.

Ancillary jurisdiction is the concept under which federal courts maintain jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 378. Congress enacted 28 U.S.C. § 1367, codifying "much of the common-law doctrine of ancillary jurisdiction as part of supplemental jurisdiction." *McKnight,* 2014 WL 3513389, at *2 (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (internal quotation marks omitted)). However, according to the Fourth Circuit and the leading treatise on federal practice and procedure, § 1367 did not codify the entire concept of ancillary jurisdiction:

> Although § 1367 governs ancillary jurisdiction over *claims* asserted in a case over which the district court has federal subject matter jurisdiction, it does not affect common law ancillary jurisdiction "over related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction," which remains governed by case law.

*Robb Evans & Assocs., LLC v. Holibaugh,* 609 F.3d 359, 363 (4th Cir. 2010) (quoting 13 Charles

---

[4] Although Title 18 U.S.C. § 3607(c) (expungement for certain first-time drug offenders who are less than 21 years old at the time of the offense) provides for expungement under similar circumstances, the statute does not apply here because Petitioner was 32 years of age at the time of the drug offense. [DE-1].

Alan Wright, Arthur R. Miller, Edward H. Cooper and Richard D. Freer, *Federal Practice and Procedure* § 3523.2 at 213 (3d ed. 2008) (emphasis in original)). In *Kokkonen*, the Supreme Court concluded that federal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees." 511 U.S. at 379-80. This decision led to a pronounced circuit split over whether ancillary jurisdiction exists where the sole basis for the expungement request lies in equity.

> For example, suppose a criminal Defendant is acquitted at trial. He may wish to have the record of his arrest expunged based upon equitable considerations, such as damage to his reputation. In a 2007 case, the First Circuit held that there is no ancillary jurisdiction on such facts. According to the court, none of the recognized reasons for ancillary jurisdiction—noted above[5]—was present in such a case. In so holding, the First Circuit joined the Third, Eighth, and Ninth Circuits in rejecting jurisdiction over expungement proceedings based upon equitable grounds. On the other hand, there is authority in the Second, *Fourth*, Seventh, Tenth, and District of Columbia Circuits upholding ancillary jurisdiction for expungement based upon equitable grounds.

Wright, Miller, Cooper, & Freer, *supra*, § 3523.2 at 217-18 (footnote added & original footnotes omitted) (emphasis added). The authors of the 2013 supplement state that the Sixth Circuit has joined the mentioned circuits in rejecting ancillary jurisdiction over expungement proceedings. *Id.* § 3523.2 at 59 (2013 Supp.). Particularly important here, the supplement also cites two cases in this circuit denying motions for expungement of criminal convictions based solely on equitable grounds, *United States v. Harris*, 847 F. Supp. 2d 828, 831-35 (D. Md. 2012) and *United States v. Mitchell*,

---

[5] Typical examples of such ancillary jurisdiction include the power reserved to the court to enjoin actions that would interfere with the court's orders, to enter restraining orders to preserve the *status quo* while claims are adjudicated, to enjoin actions elsewhere, to impose sanctions, and to order garnishment or other incidental proceeding. Wright, Miller, Cooper, & Freer, *supra*, § 3523.2 at 213 (3d ed. 2008).

683 F. Supp. 2d 427, 430 (E.D.Va. 2010), which discuss the Fourth Circuit decision, *Allen v. Webster*, 742 F.2d 153 (4th Cir. 1984). Wright, Miller, Cooper, & Freer, *supra*, § 3523.2 at 59-60 (2013 Supp.).

In *Allen*, a pre-*Kokkonen* decision, Allen sought to have information related to his arrest and trial expunged. 742 F.2d at 154. Allen was acquitted of felony drug offenses relating to the possession and manufacture of heroin in North Carolina state court but a record of his arrest and subsequent acquittal for those charges had been entered into the National Crime Information Center. *Id.* Subsequently, Allen was unsuccessful in his applications for federal employment. *Id.* "In one instance, matters went so far that he received an indication that his application might well have procured him the job except for the delay occasioned by the presence on his record of the information relating to his arrest and trial." *Id.* The Fourth Circuit noted that Allen "received advice that he might seek administrative relief within the federal government by which he could inure himself that the 'derogatory' information was not considered in connection with reviewing his job application. Allen, however, declined to avail himself of that possible remedy." *Id.* at 155. In other words, Allen failed to exhaust his administrative remedies. *Id.* Thus, the Fourth Circuit held that, in such circumstances, the district court did not "abuse its equitable discretion" by refusing to expunge the federal and state records of an arrest after the movant had been acquitted of drug charges in state court. *Id.*

Consequently, the Fourth Circuit did not foreclose the possibility that a district court may grant expungement based upon its "equitable discretion." *Id.* However, several district court decisions within the Fourth Circuit, including *Harris* and *Mitchell*, have distinguished the *Allen* case in light of the Supreme Court's *Kokkonen* decision in the intervening time period. *See McKnight*,

10

2014 WL 3513389, at *2-5. Because the Fourth Circuit has not re-visited this issue since *Kokkonen*, the court is guided by these district court decisions. *Id.*

The courts in *Harris* and *Mitchell* applied *Kokkonen* to reach a narrow view of ancillary jurisdiction in expungement cases, each finding it was without jurisdiction to entertain the merits of such motions. However, in *Steelwright*, the court reached the opposite conclusion, holding that the court had ancillary jurisdiction pursuant to 18 U.S.C. § 3401 and 28 U.S.C. § 636 to rule on the merits of a defendant's motion for expungement when the defendant consented to trial and sentencing before that magistrate judge.[6] 179 F. Supp. 2d at 571. It is upon an analysis of the facts of each of these decisions and the unique nature of disposition under 18 U.S.C. § 3607, under which Petitioner's charges were dismissed without entry of judgment of conviction, that the court finds it has ancillary jurisdiction.

*Harris* and *Mitchell* each involved motions to expunge criminal *convictions*. In *Harris*, the defendant sought to expunge a conviction for possession of a controlled substance. 847 F. Supp. 2d at 829. The court ultimately found that it lacked ancillary jurisdiction because: (1) the adjudicative facts underlying the defendant's drug conviction were not "interdependent" with the equitable considerations (such as employment implications) raised by the defendant's expungement request; and (2) "at least in the case of a criminal *conviction*, it hardly seems the case that an expungement order would serve to vindicate the court's authority or to effectuate its decree." *Id.* at 835 (emphasis added). In *Mitchell* the court reached the same conclusion, finding that the defendant's *conviction* for bank fraud was entirely unrelated to the asserted equitable considerations for expungement and

---

[6] Although the court in *Steelwright* found it had ancillary jurisdiction to issue the requested expungement, the court ultimately concluded that the grounds expressed by Mr. Steelwright for such expungement were not legally sufficient to grant such a request. *Steelwright*, 179 F. Supp. 2d at 567-68.

11

that expungement of a criminal *conviction* actually runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. 683 F. Supp. 2d at 432-33.

Here, unlike in *Harris* and *Mitchell*, Petitioner seeks expungement of an arrest record and charge following dismissal of all counts associated with her case without the entry of a judgment of conviction. *See McKnight*, 2014 WL 3513389, at *4 (distinguishing *Harris* and *Mitchell* on grounds that defendant sought expungement of an arrest record following dismissal of all counts and not expungement of a conviction). In finding the court had ancillary jurisdiction in similar circumstances, the court in *McKnight* reasoned that:

> [w]hile the Court agrees that the first *Kokkonen* consideration—whether there is factual interdependency—is certainly missing, the second consideration heavily relied upon in *Harris* and *Mitchell*—that expungement of a criminal conviction runs counter to the court's ability to facilitate and manage its proceedings, vindicate its authority, and effectuate its decrees—does not preclude the Court's exercise of ancillary jurisdiction here. Rather, *as noted in Steelwright, expungement of an arrest record is more akin to, for example, modification or revocation of supervised release. See* 179 F. Supp. 2d at 572; *also cf. Harris*, 847 F. Supp. 2d at 835 n.7 ("In the case of an acquitted Defendant ... expungement may be more consistent with the prior judgment reached by the court, and thus more in accord with the second *Kokkonen* principle.")

*Id.* at *4. (emphasis added). Like in *McKnight*, the Petitioner before this court seeks expungement of her criminal records following dismissal of all counts, whereas the movants in *Harris* and *Mitchell* sought expungement of *convictions*.[7] No judgment of conviction has been entered against petitioner in this case. Likewise, the court finds that *Sambou* and *Bethel*, two cases in the Eastern District of North Carolina following the reasoning of *Mitchell*, in holding that the power to expunge federal criminal convictions solely on equitable grounds is not authorized by the Constitution or by statute,

---

[7] In *Harris* the defendant sought expungement of a misdemeanor *conviction* and the court clearly limited its holding to cases where there was an "absence of acquittal." 847 F. Supp. 2d at 835. In *Mitchell*, the court similarly limited its holding, stating that "neither the Constitution, nor statute, nor any claim of properly limited ancillary jurisdiction applies to federal courts' expungement of criminal *convictions* solely on equitable grounds." 683 F. Supp. 2d at 433 (emphasis added).

12

do not apply here because these cases also concerned expungement of convictions rather than expungement of criminal records following dismissal of all counts without entry of judgment of conviction. *See Sambou v. United States*, No. 5:99-CR-156-1-BO, 2010 WL 3363034 (E.D.N.C. Aug. 24, 2010); *Bethel v. United States*, No. 5:98-CR-85-3-BO, 2010 WL 3063231 (E.D.N.C. Aug. 3, 2010). Therefore, the court finds that the exercise of ancillary jurisdiction in the circumstances of this case falls within the second circumstances identified in *Kokkonen*. The authority to order expungement here is a "logical and not unlawful extension of the court's authority to manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." *McKnight*, 2014 WL 3513389, *4.

### C. Grounds for Expungement

Because the court finds it has ancillary jurisdiction to consider the expungement Motion, the next question is whether grounds for expungement exist. Petitioner cites to case law, including *Hodge v. Jones*, 31 F.3d 157 (4th Cir. 1994), for the proposition that the instant facts constitute "extreme circumstances" warranting application of the "narrow" power of the court to order expungement based solely on equitable grounds. Petitioner argues that, upon weighing the adverse consequences stemming from her drug arrest, charge, and the results thereof, against Respondent's interest in maintaining such records, the court should grant her Motion for expungement. *Id.* After balancing the equities between Petitioner, and the Respondent and society, the court disagrees with Petitioner.

While it is true that arrest and criminal records may be expunged, even after the persons implicated therein have been acquitted or the charge upon which those records are predicated dropped, there is no automatic right to expungement once an individual's name has been cleared.

13

*Hodge*, 31 F.3d at 166;[8] *see United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986). Expungement in those instances is a discretionary function of the court, and "mere acquittal of the subsequent charge is an insufficient reason to grant expunction." *Hodge*, 31 F.3d at 166 (quoting *United States v. Friesen*, 853 F.2d 816 (10th Cir. 1988);[9] *see also United States v. Linn*, 513 F.2d 925 (10th Cir. 1975) ("[T]he power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.").

There is a strong interest in preserving readily accessible public records of criminal convictions and *other disposition*; important public policies are furthered by a presumption in favor of open access to complete and truthful court records. *Harris*, 847 F. Supp. 2d at 835 (citing *Mitchell*, 683 F. Supp. 2d at 427).[10] Broader access to expungement could jeopardize the reliability and integrity of federal criminal records. *Id.* This is not in accord with the strong institutional interest of federal courts in managing their proceedings, vindicating their authority, and effectuating their decrees. *Id.*

---

[8] "Given that arrest and criminal records are matters of public record, easily obtained upon request, and that there is no automatic right to expunction thereof, it simply does not follow that the Hodges can claim a right of expunction of unsubstantiated abuse records maintained in a manner consistent with the Constitution and procedural safeguards approved by the *Whalen* Court. *Reuber v. United States*, 750 F.2d 1039, 1068 (D.C. Cir. 1984) (Bork, J., concurring) (records expunged only where such procedures are 'essential to prevent future harm' from constitutional violations)." *Hodge*, 31 F.3d at 166.

[9] Although the court in *Friesen* recognized that the defendant's arrest resulted in a "stigma that acquittal would not absolve" and "assumed that drug offenses may bear an opprobrium not inherent in other crimes" and that "an arrest for a drug offense resulted in that kind of harm which can be removed only by expunction," the court, nevertheless, found an insufficient factual basis to warrant expungement because the defendant failed to properly establish how his "arrest affected his private or professional life" and the record merely presented "unsupported conclusions" that defendant was being "grievously injured" and "damaged in terms of employment availability, reputation in the community and possible denial of professional licensing." 853 F.2d at 818.

[10] The word "expunge" generally refers to the physical destruction of information. *Dubnoff v. Goldstein*, 385 F.2d 717, 724 (2d Cir. 1967). With respect to criminal records, expungement refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time. Black's Law Dictionary at 582 (6th ed. 1990).

14

Here, there is no contention or claim advanced that Petitioner's arrest or prosecution was in any way unlawful or unconstitutional, that it flowed from any sort of official misconduct, or that the statute on which she was adjudicated has been found unconstitutional. Rather, Petitioner argues that the arrest and prosecution records as reported by CertifiedBackground.com are inaccurate, incorrectly reporting she was convicted of misdemeanor drug possession.

On balance of the equities in the case, however, it is clear that expungement is not appropriate. In particular, Petitioner has failed to demonstrate the "extreme circumstances" necessary to support the narrow application of the court's power to expunge. Despite Petitioner's prior declaration that, according to her instructors, she would not be able to gain employment in her chosen field of occupational therapy unless her record was expunged, Petitioner has in fact obtained employment as an assistant occupational therapist. Decl. [DE-6-2] at 2; [DE-11]. Moreover, Petitioner has not followed up with CertifiedBackground.com to learn whether the reporting error was corrected in response to her counsel's request. [DE-11]. Nor has Petitioner contacted another other background reporting agency for an alternate report. *Id.* Furthermore, even though Petitioner testified that some employers will not hire her because of her record, to her knowledge, she has not applied for a job that checked her criminal background. *Id.* Nevertheless, Petitioner maintained at the evidentiary hearing that the existence of the record in question (as reported by CertifiedBackground.com) continues to impact her ability to gain better, full-time, work in the field of occupational therapy. *Id.*; *see United States v. Gary*, 206 F. Supp. 2d 741 (D. Md. 2002) (holding that defendant was not entitled to expungement despite acquittal, where she sought to enhance her employment opportunities and attain her dream of becoming a police officer); *see also United States v. Stromick*, 710 F. Supp. 613 (D. Md. 1989) (defendant not entitled to expungement despite a prior

15

order of the court setting aside the conviction pursuant to a later-repealed section of the Youth Corrections Act). Petitioner is to be commended for turning her life around since the events that gave rise to her prosecution. However, as explained by the Fourth Circuit in *Hodge*, an individual's subsequent law-abiding life does not warrant expunging criminal records, particularly when there is no evidence that the court's records are in any way inaccurate. *Hodge*, 31 F.3d at 166 (citing *Stromick*, 710 F. Supp. at 614).

Admittedly, the court in *Steelwright* and *Stromick* stated that equitable relief might be appropriate if a defendant were to show that he had been denied a security clearance or specific job opportunities or he was otherwise materially harmed by the criminal records. However, that is not the case here, as Petitioner merely presents unsupported speculation that she has been injured in terms of employment availability. Thus, the evidence is insufficient to support Petitioner's position that her criminal records, albeit accurate, should be expunged. Indeed, Petitioner presented no evidence that any employer has denied her for a job nor has she been told that she has been denied because of her record.[11] Without more, Petitioner fails to overcome the strong interest in preserving complete and readily accessible public records of criminal convictions and other dispositions. *Harris*, 847 F. Supp. 2d at 835. Although the court finds it has ancillary jurisdiction to consider the expungement Motion, Petitioner has failed to properly establish sufficient facts to warrant this

---

[11] To the extent Petitioner's argument rests on the inaccuracies of the criminal background report as recorded by a third party (CertifiedBackground.com), her argument is misplaced. As discussed *supra*, it is not the court's burden to expunge (accurate) records because a third party has inaccurately interpreted and reported those records. *See Hodge*, 31 F.3d at 166 (citing *Stromick*, 710 F. Supp. at 614). As for this portion of Petitioner's claim, there is also a lack of exhaustion of administrative remedies in that she could have had her record, as reported by CertifiedBackground.com, corrected by getting the company to revise their report, which may have been accomplished by the letter from Petitioner's counsel, but Petitioner has not followed up with CertifiedBackground.com. *See Allen*, 742 F.2d at 154 (denying defendant's request for expungement for lack of exhaustion of administrative remedies where defendant sought to proceed solely against the courts in an attempt to have truthful information expunged when he could have insured himself by other means that the "derogatory" information was not considered in connection with reviewing his job application).

16

extraordinary remedy of expungement based solely on equitable grounds. *Friesen*, 853 F.2d at 818.

### III. CONCLUSION

For the reasons set forth above Petitioner's Motion [DE-6] is denied.

So ordered, the 27th day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

17

Case 7:98-mj-00259-RJ   Document 12   Filed 10/28/14   Page 17 of 17